IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKIE LAMONT SLAUGHTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82602

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge. Appellant Rickie Lamont Slaughter argues that the district court erred in denying his petition as procedurally barred without conducting an evidentiary hearing. We affirm.

Slaughter filed the petition five years after remittitur issued on his direct appeal. *Slaughter v. State*, No. 61991, 2014 WL 989706 (Nev. Mar. 12, 2014) (Order of Affirmance). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated several postconviction petitions for a writ of habeas corpus and the petition fails to allege new or different grounds for relief. *See* NRS 34.810(1)(b), (2); *Slaughter v. State*, No. 78760, 2020 WL 6110929 (Nev. Oct. 15, 2020) (Order of Affirmance); *Slaughter v. State*, No. 70676-COA, 2017 WL 1483465 (Nev. Ct. App. Apr. 19, 2017) (Order of Affirmance); *Slaughter v. State*, No. 68532, 2016 WL 3857239 (Nev. July 13, 2016) (Order of Affirmance). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good cause "may be demonstrated by a showing that the

22-05361

factual or legal basis for a claim was not reasonably available" to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (internal quotation marks omitted). Prejudice requires showing errors causing actual and substantial disadvantage. *State v. Huebler*, 128 Nev. 192, 197, 275 P.3d 91, 95 (2012). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but we review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that he has shown good cause and prejudice because the State violated *Brady v. Maryland*, 373 U.S. 83 (1963). We disagree. A *Brady* claim requires a showing that the evidence is favorable to the claimant, the State withheld the evidence, and the evidence was material. *Huebler*, 128 Nev. at 198, 275 P.3d at 95. When a *Brady* claim is raised in a procedurally barred petition, showing that evidence was withheld generally establishes good cause and that evidence was material generally establishes prejudice to overcome the procedural bar. *Id.* A *Brady* claim must be raised within a reasonable time after the discovery or disclosure of the withheld evidence. *Id.* at 198 n.3, 275 P.3d at 95 n.3; *see also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (observing that a *Brady* claim could be procedurally barred when the petitioner knew of the grounds but did not raise it in the first state petition). When the defense specifically requested the withheld evidence, the evidence is material if there is a reasonable possibility of a different result had the evidence been disclosed. *Mazzan v. Warden*, 116 Nev. 48, 74, 993 P.2d 25, 41 (2000). However, when the defense did not request or only requested the withheld evidence generally, evidence is only material if there is a reasonable probability of a

different outcome. *Id.* We review *Brady* claims de novo. *Id.* at 66, 993 P.2d at 36.

Appellant argues that the State withheld evidence concerning the outcome of a second set of photo lineups, in which he was not identified by witnesses. Appellant raised this issue in a previous petition, arguing that he lacked proof of this nonidentification until he deposed the investigating detective in 2018. As we noted, the record shows that this evidence was not withheld, as appellant asserted before trial that he was not identified in the second set of lineups. *Slaughter*, 2020 WL 6110929, at *2. The doctrine of the law of the case bars relitigating this determination. *See Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975) ("The doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings.").

Appellant argues that this court should deviate from the law of the case because he has presented new evidence, a deposition of the prosecutor, and the previous decision was clearly wrong, resulting in manifest injustice. He is mistaken. As the investigating detective previously attested to the nonidentification, the prosecutor's discussion of the same matter in his recent deposition does not constitute "substantially new or different evidence" and thus does not justify deviating from the law-of-the-case doctrine.[1] *See Rippo v. State*, 134 Nev. 411, 427-28, 423 P.3d 1084, 1101 (2018). And, even if this court may deviate from the law of the case in cases of clear error causing manifest injustice, *see Hsu v. County of*

---

[1]We determined that there was no reasonable possibility of a different outcome in this regard based on the detective's deposition. *Slaughter*, 2020 WL 6110929, at *2.

*Clark*, 123 Nev. 625, 631, 633 n.26, 173 P.3d 724, 729, 730 n.26 (2007) (recognizing the possibility of this exception yet declining to adopt it), appellant has not shown clear error. He knew about the essential facts when he argued before trial that his nonidentification in the second set of lineups was exculpatory and returned to this argument in his first, timely postconviction habeas petition, faulting counsel for failing to examine the investigating detective on this point. *See United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) ("Evidence is not suppressed if the defendant either knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence." (internal citations and quotation marks omitted)); *Slaughter*, 2016 WL 3857239, at *1. The purpose of the law-of-the-case doctrine is to prevent reconsideration of matters that, as here, have been settled and put to rest. *Hsu*, 123 Nev. at 630, 173 P.3d at 728. The district court therefore did not err in denying this claim as procedurally barred.

Insofar as appellant argues that the prosecutor's deposition shows withheld material evidence in the prosecutor's interpretation of and strategy regarding the nonidentification, he is mistaken. Such matters are protected opinion work product; *Brady* does not require the prosecutor "to reveal his or her strategies, legal theories, or impressions of the evidence," except to disclose the "underlying exculpatory facts." *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006). The exculpatory nonidentification here had already been disclosed. Appellant therefore has not shown a colorable *Brady* claim in this regard and has not overcome the procedural bar. Although the district court should not have concluded that the law of the case barred reaching the merits of this contention, it nevertheless reached the correct outcome in denying this claim as procedurally barred. *See Wyatt*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Appellant next argues that the State withheld evidence indicating the precise time of the 911 call. He argued that this would have enabled him to show the perpetrators left the scene at 7:08 p.m. for purposes of arguing his alibi. The prosecutor attested in his deposition that he did not recall seeing the 911 call log at issue. Appellant raised this argument in his previous petition, and we concluded that he did not show withheld material evidence in this regard. *Slaughter*, 2020 WL 6110929, at *2-3. The doctrine of the law of the case bars relitigating this claim, and the prosecutor not recalling this piece of evidence does not constitute substantially new or different evidence warranting a deviation from the law of the case. Further, even if the law-of-the-case doctrine may be disregarded for clear error, appellant has not shown that this court clearly erred in concluding that the time of the 911 call was not withheld when appellant had ample evidence that officers were dispatched at 7:11 p.m., and the new document thus did not introduce new substantive evidence.[2] *See Leroy*, 687 F.2d at 618. The district court therefore did not err in denying this claim as procedurally barred.

Appellant next argues that the State withheld material impeachment evidence that a witness for the State, Mr. Arbuckle, was biased against him. He argues that the State should have disclosed that

---

[2]In his first, timely postconviction habeas petition, for instance, appellant argued "that the 911 call came in at 7:11 p.m." and that the victim "appeared to have made his 911 call between 2-3 minutes after the perpetrators fled."

Arbuckle filed a trespassing complaint against him. This court rejected this claim when appellant raised it in his third petition because this information had not been withheld and appellant did not show cause for relitigating the claim in 2018 when he was aware of the underlying facts in 2015. *Slaughter*, 2020 WL 6110929, at *3; *see also Slaughter*, 2016 WL 3857239, at *1. The doctrine of the law of the case bars relitigation of this claim, and appellant's contention that the prosecutor's inability to recall this document warrants deviating from the doctrine fails, as that does not constitute substantially new or different evidence. Further, even if the clear-error exception to the law-of-the-case doctrine is available, appellant has not shown clear error here. The record belies his claim of error: he argues that he did not know who filed the police report until 2018, but appellant specifically discussed Arbuckle when he raised this claim in his timely postconviction habeas petition. The district court therefore did not err in denying this claim as procedurally barred.

Appellant also argues that failing to consider his claims on the merits would amount to a fundamental miscarriage of justice because he was actually innocent. Appellant had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo*, 134 at 423 n.12, 423 P.3d at 1097 n.12. Appellant has not made the required showing. He proffers the prosecutor's deposition, but the deposition does not provide new evidence regarding the lineups and purported alibi as appellant suggests. Appellant's challenges to the other evidence of guilt amount to a claim that insufficient evidence supported his conviction, but appellant has not identified new evidence of innocence. *See*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Brown v. McDaniel*, 130 Nev. 565, 576, 331 P.3d 867, 875 (2014) (rejecting claim of actual innocence founded on alleged legal insufficiency rather than new evidence of innocence). The district court therefore did not err in denying this claim.

Lastly, we decline appellant's request to reconsider *Brown*. Not only has no argument been offered in support of this request, but *Brown* was correctly decided. Moreover, we reject appellant's attempt to rely on argument raised and rejected in a separate appeal. *See* NRAP 28(a)(10) (providing that the brief must provide reasons for the claims raised and state the relevant standard of review); *cf. Slaughter*, 2020 WL 6110929, at *4.

Having considered appellant's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc: Hon. Tierra Danielle Jones, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.